IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| COVINGTON SPECIALTY INSURANCE COMPANY, <br><br> PLAINTIFFS, <br><br> v. <br><br> G & G FARMS, INC., an OKLAHOMA CORPORATION, JOHN GAVIN and PATRICIA GAVIN, A-Z PLUMBING, LLC, and SHAWN MURRAY <br><br> DEFENDANTS. | § § § § § § § § § § § § § § | CIVIL ACTION NO. 22-CV-227-KEW |

## **PLAINTIFF'S ORIGINAL COMPLAINT FOR DECLARATORY JUDGMENT**

TO THE UNITED STATES DISTRICT COURT:

Plaintiff Covington Specialty Insurance Company ("CSIC") files this Original Complaint for Declaratory Judgment and respectfully shows:

## **THE PARTIES**

1.      Plaintiff Covington Specialty Insurance Company ("CSIC") is an insurance company organized under the laws of the State of New Hampshire and having its principal place of business in Atlanta, Georgia.

2.      Defendant G & G Farms, Inc. ("G & G") is an Oklahoma corporation with its principal office located in Holdenville, Oklahoma. G & G may be served through its registered agent, John Gavin, 2485 N. 374 Road, Holdenville, Oklahoma 73106.

3.      Defendants John Gavin and Patricia Gavin (collectively the "Gavins") are individuals who reside in in Holdenville, Oklahoma. John Gavin and Patricia Gavin may

be served at their place of business, 2485 N. 374 Road, Holdenville, Oklahoma 73106, or wherever they may be found.

4. A to Z Plumbing, LLC ("A-Z") is an Oklahoma limited liability company, having its principal place of business in Okemah, Oklahoma. A-Z may be served through its owner/member Shawn Murray, at 507 North 4th Street, Okemah, Oklahoma 74589, or wherever he may be found.

5. Shawn Murray ("Murray") is an individual residing Okemah, Oklahoma and is a citizen of the State of Oklahoma. Murray may be served at 507 North 4th Street, Okemah, Oklahoma 74589, or wherever he may be found.

## JURISDICTION

6. This court has jurisdiction of this matter under the Declaratory Judgment Act, 28 U.S.C. § 2201 and upon complete diversity of citizenship pursuant to 28 U.S.C. § 1332. This is a civil action, and the amount in controversy exceeds $75,000.00 exclusive of interest and costs. Jurisdiction is also appropriate a because the issues presented in this suit are ripe for adjudication. A decision on these issues will directly affect underlying litigation pending by and against Defendants.

## VENUE

7. Venue is proper in the Eastern District of Oklahoma under 28 U.S.C. Section 1391(a) because G & G's principal office is located in Okfuskee County, Oklahoma, the Gavins reside in Okfuskee County, Oklahoma, A-Z's principal place of

business is located in Okfuskee County, Oklahoma, and Murray resides in Okfuskee County, Oklahoma. Okfuskee County is located in the Eastern District of Oklahoma.

## BACKGROUND

8. This declaratory judgment action is brought to resolve certain insurance coverage issues arising out of a lawsuit pending against A-Z and Murray styled *G & G Farms, Inc., an Oklahoma corporation; John Gavin and Trish Gavin, vs. Richardson Homes, LLC, Shawn Murray d/b/a A to Z Plumbing, and A to Z Plumbing, LLC,* Cause No. CJ-21-37, in the District Court of Okfuskee County, State of Oklahoma (the "Underlying Lawsuit").

9. In the Original Petition, G & G and the Gavins[1] sue Richardson Homes, LLC ("Richardson"), Murray d/b/a A to Z Plumbing, and A-Z for alleged damages to their home and personal property resulting from a fire which occurred in February of 2021. The Gavins allege that they contracted with Richardson to build a residence on the property located at 384055 East 1160 Rd., Wetumka, Oklahoma, and that Richardson hired Murray and/or A-Z to install all plumbing equipment and fixtures during the construction of the home. A-Z and/or Murray d/b/a A-Z purportedly performed the installation in June 2018. The Gavins contend that they sustained damages caused by the negligence of each Defendant.

10. The Gavins plead claims for negligence against Defendants, indicating that A-Z and Murray d/b/a A-Z were allegedly negligent in the installation of the plumbing

---

[1] Upon information and belief, G & G and the Gavins' property insurance carrier is participating in the Underlying Lawsuit in pursuit of its subrogation interest following payment to G & G and the Gavins under their policy (ies).

equipment and fixtures during the construction of the home, proximately causing the property damage alleged by Plaintiffs.

11.  The Gavins seek damages in an amount in excess of $75,000.00.

## THE COVINGTON POLICY

12.  CSIC issued two commercial general liability policies to A-Z and Murray, No. VBA609440 00, for the term 03/17/2018 to 03/17/2019 and No. VBA684868 00 for the term 03/17/2019 to 03/17/2020 (collectively the "Policies"). The Policies include an each occurrence limit of $1,000,000, a $2,000,000 products-completed operations aggregate limit, a $2,000,000 general aggregate limit, and by endorsement, a designated construction project general aggregate limit of $5,000,000. The insuring agreement of the Policies provide in relevant part (as modified by endorsement):

**COVERAGE A – BODILY INJURY AND PROPERTY DAMAGE LIABILITY**

1.  **Insuring Agreement**

    a.  We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result . . . .

    b.  This insurance applies to "bodily injury" and "property damage" only if:
    
    (1) The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";
    
    (2) The outset of the "bodily injury" or "property damage" takes place during the policy period;
    
    (3) Such "bodily injury" or "property damage" did not result in damages which are the subject of any "suit" settlement or adjustment prior to the inception date of this insurance (or the retroactive date of this policy, if any, whichever is earlier); and
    
    (4) In the event the "bodily injury" or "property damage" results from continuous or repeated exposure to substantially the same general harmful conditions, then the

    **(a)**    Outset of the "bodily injury" or "property damage" was on or after the inception date of this insurance (or the retroactive date of this insurance, if any, whichever is earlier); and

    **(b)**    "Bodily injury" or "property damage" was not actually, or alleged to have been, in progress prior to the inception date of this insurance (or the retroactive date of this insurance, if any, whichever is earlier), even if the "bodily injury" or "property damage" continues during this policy period.

These conditions **(1)**, **(2)**, **(3)** and **(4)** shall apply whether or not the "bodily injury" or "property damage" is known to any insured.

    **c.**    If the outset of any "bodily injury" or "property damage" takes place during this policy period then it shall include any continuation of that "bodily injury" or "property damage" after the end of the policy period.

    **d.**    Damages because of "bodily injury" include damages claimed by any person or organization for care, loss of services or death resulting at any time from the "bodily injury".

All other terms and conditions of this policy remain unchanged.

13. The Policies define the following terms:

    **3.**    "Property damage" means physical injury to tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or loss of use of tangible property that is not physically injured. All such loss of use shall be deemed to occur at the time of the "occurrence" that caused it.

\* \* \*

    **13.**    "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

## DECLARATORY RELIEF SOUGHT

14. CSIC seeks a declaration that it has no duty to defend or indemnify A-Z or Murray under the Policies. Part of A-Z's work included the installation of the plumbing related to a gas fireplace. The purportedly improper installation of some of the piping associated with the gas fireplace is alleged by the Gavins to have caused the fire.

15. Based upon the insuring agreement of the Policies, however, the "property damage" must occur during the policy period. Under the allegations of the Petition, the

Gavins' residence suffered a fire in February 2021, after the expiration of the Policies. Therefore, the alleged "property damage" did not occur until the fire at the residence in February 2021. Accordingly, CSIC has no duty to defend or indemnify A-Z or Murray under the Policies as the "property damage" alleged in the underlying lawsuit did not occur during the policy period. For the same reasons, CSIC has no duty to indemnify the Gavins for any settlement or judgment entered against A-Z or Murray under the Policies.

## PRAYER

THEREFORE, CSIC requests that the Court enter a declaratory judgment that it has no duty to defend or indemnify A-Z Plumbing, LLC or Shawn Murray in the Underlying Lawsuit filed by G & G Farms, Inc. CSIC also requests a declaratory judgment that it has no duty to indemnify John and Trish Gavin for one or more of the same reasons it has no duty to indemnify A-Z Plumbing, LLC or Shawn Murray. CSIC further requests that the Court award it all other further relief to which it may be entitled.

Respectfully submitted,

*/s/ Jo Allison Stasney*
Jo Allison Stasney
State Bar No. 19080280
J. Richard Harmon
State Bar No. 09020700

THOMPSON, COE, COUSINS & IRONS, L.L.P.
Plaza of the Americas
700 N. Pearl Street, Twenty-Fifth Floor
Dallas, TX 75201-2832
Telephone: (214) 871-8200
Telecopy: (214) 871-8209

*R. Thompson Cooper*
R. Thompson Cooper, OBA No. 15746
ROBERSON, KOLKER, COOPER P.C.
16408 Muirfield Place
Edmond, Oklahoma 73013
Telephone:     405-606-3333
Facsimile:     405-606-3334
Email:         tom@rkclaw.com

**COUNSEL FOR COVINGTON SPECIALTY INSURANCE COMPANY**