IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| COVINGTON SPECIALTY INSURANCE COMPANY,<br><br>PLAINTIFFS,<br><br>v.<br><br>G & G FARMS, INC., an OKLAHOMA CORPORATION, JOHN GAVIN and PATRICIA GAVIN, A-Z PLUMBING, LLC, SHAWN MURRAY, and RICHARDSON HOMES, LLC<br><br>DEFENDANTS. | CIVIL ACTION NO. 6:22-cv-00227-KEW |

## PLAINTIFF'S FIRST AMENDED COMPLAINT FOR DECLARATORY JUDGMENT

TO THE UNITED STATES DISTRICT COURT:

Plaintiff Covington Specialty Insurance Company ("CSIC") files this First Amended Complaint for Declaratory Judgment and respectfully shows:

## THE PARTIES

1. Plaintiff Covington Specialty Insurance Company is an insurance company organized under the laws of the State of New Hampshire and having its principal place of business in Atlanta, Georgia.

2. Defendant G & G Farms, Inc. ("G & G") is an Oklahoma corporation with its principal office located in Holdenville, Oklahoma and is a citizen of Oklahoma. G & G may be served through its registered agent, John Gavin, 2485 N. 374 Road, Holdenville, Oklahoma 73106.

**PLAINTIFF'S FIRST AMENDED COMPLAINT FOR DECLARATORY JUDGMENT—Page 1**

3. Defendants John Gavin and Patricia Gavin are individuals who reside in Holdenville, Oklahoma and are citizens of Oklahoma. John Gavin and Patricia Gavin may be served at their place of business, 2485 N. 374 Road, Holdenville, Oklahoma 73106, or wherever they may be found.

4. A to Z Plumbing, LLC ("A-Z") is an Oklahoma limited liability company, having its principal place of business in Okemah, Oklahoma. A-Z is a citizen of Oklahoma. A-Z may be served through its owner/member Shawn Murray, at 507 North 4th Street, Okemah, Oklahoma 74589, or wherever he may be found.

5. Shawn Murray ("Murray") is an individual residing Okemah, Oklahoma and is a citizen of the State of Oklahoma. Murray may be served at 507 North 4th Street, Okemah, Oklahoma 74589, or wherever he may be found.

6. Richardson Homes, LLC ("Richardson") is an Oklahoma limited liability partnership whose members are citizens of the State of Oklahoma. Richardson may be served through its registered agent for service of process, Kenneth R. Richardson, 7500 E. Highway 37, Tuttle, Oklahoma 73089.

## JURISDICTION

7. This court has jurisdiction of this matter under the Declaratory Judgment Act, 28 U.S.C. § 2201 and upon complete diversity of citizenship pursuant to 28 U.S.C. § 1332. This is a civil action, and the amount in controversy exceeds $75,000.00 exclusive of interest and costs. Jurisdiction is also appropriate a because the issues presented in this suit are ripe for adjudication. A decision on these issues will directly affect underlying litigation pending by and against

Defendants. CSIC files this First Amended Complaint for Declaratory Judgment in accordance with Rule 15(a)(1) of the Federal Rules of Civil Procedure.

## VENUE

8.      Venue is proper in the Eastern District of Oklahoma under 28 U.S.C. Section 1391(a) because G & G's principal office is located in Okfuskee County, Oklahoma, the Gavins reside in Okfuskee County, Oklahoma, A-Z's principal place of business is located in Okfuskee County, Oklahoma, and Murray resides in Okfuskee County, Oklahoma. Okfuskee County is located in the Eastern District of Oklahoma.

## BACKGROUND

9.      This declaratory judgment action is brought to resolve certain insurance coverage issues arising out of a lawsuit pending against A-Z, Murray, and Richardson styled *G & G Farms, Inc., an Oklahoma corporation; John Gavin and Trish Gavin, vs. Richardson Homes, LLC, Shawn Murray d/b/a A to Z Plumbing, and A to Z Plumbing, LLC,* Cause No. CJ-21-37, in the District Court of Okfuskee County, State of Oklahoma (the "Underlying Lawsuit").

10.     In the Original Petition, G & G and the Gavins (collectively the "Gavins")[1] sue Richardson Homes, LLC ("Richardson"), Shawn Murray d/b/a A-Z Plumbing, and A-Z for alleged damages to their home and personal property resulting from a fire which occurred in February of 2021. The Gavins allege that they contracted with Richardson to build a residence on the property located at 384055 East 1160 Rd., Wetumka, Oklahoma, and that Richardson hired Murray and/or

---

[1] Upon information and belief, G & G and the Gavins' property insurance carrier is participating in the Underlying Lawsuit in pursuit of its subrogation interest following payment to G & G and the Gavins under their policy (ies).

A-Z to install all plumbing equipment and fixtures during the construction of the home.  A-Z and/or Murray d/b/a A-Z purportedly performed the installation in June 2018. The Gavins contend that they sustained damages caused by the negligence of each Defendant.

11. The Gavins plead claims for negligence against Defendants, indicating that A-Z and Murray d/b/a A-Z were allegedly negligent in the installation of the plumbing equipment and fixtures during the construction of the home, proximately causing the property damage alleged by Plaintiffs.  The Gavins further contend that Richardson breached its contract with them by building a home with a gas system that violated code and manufacturer's specifications.

12. The Gavins seek damages in an amount in excess of $75,000.00.

## THE COVINGTON POLICY

13. CSIC issued two commercial general liability policies to A-Z and Murray, No. VBA609440 00, for the term 03/17/2018 to 03/17/2019 and No. VBA684868 00 for the term 03/17/2019 to 03/17/2020 (collectively the "Policies"). The Policies include an each occurrence limit of $1,000,000, a $2,000,000 products-completed operations aggregate limit, a $2,000,000 general aggregate limit, and by endorsement, a designated construction project general aggregate limit of $5,000,000.  The insuring agreement of the Policies provide in relevant part (as modified by endorsement):

**COVERAGE A – BODILY INJURY AND PROPERTY DAMAGE LIABILITY**

1. **Insuring Agreement**

   a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result . . . .

  **b.** This insurance applies to "bodily injury" and "property damage" only if:
   **(1)** The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";
   **(2)** The outset of the "bodily injury" or "property damage" takes place during the policy period;
   **(3)** Such "bodily injury" or "property damage" did not result in damages which are the subject of any "suit" settlement or adjustment prior to the inception date of this insurance (or the retroactive date of this policy, if any, whichever is earlier); and
   **(4)** In the event the "bodily injury" or "property damage" results from continuous or repeated exposure to substantially the same general harmful conditions, then the
    **(a)** Outset of the "bodily injury" or "property damage" was on or after the inception date of this insurance (or the retroactive date of this insurance, if any, whichever is earlier); and
    **(b)** "Bodily injury" or "property damage" was not actually, or alleged to have been, in progress prior to the inception date of this insurance (or the retroactive date of this insurance, if any, whichever is earlier), even if the "bodily injury" or "property damage" continues during this policy period.

These conditions **(1), (2), (3)** and **(4)** shall apply whether or not the "bodily injury" or "property damage" is known to any insured.

  **c.** If the outset of any "bodily injury" or "property damage" takes place during this policy period then it shall include any continuation of that "bodily injury" or "property damage" after the end of the policy period.

  **d.** Damages because of "bodily injury" include damages claimed by any person or organization for care, loss of services or death resulting at any time from the "bodily injury".

All other terms and conditions of this policy remain unchanged.

14. The Policies define the following terms:

  **3.** "Property damage" means physical injury to tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or loss of use of tangible property that is not physically injured. All such loss of use shall be deemed to occur at the time of the "occurrence" that caused it.

* * *

  **13.** "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

15. The Policies also include an additional insured endorsement providing in relevant part:

  **A.** To the extent of coverage afforded by this policy, SECTION II – WHO IS AN INSURED is amended to include as an additional insured any owner, lessee or contractor for whom you are performing operations or working at their premises when you have agreed in writing in a contract or agreement that such person or organization be added as an

**PLAINTIFF'S FIRST AMENDED COMPLAINT FOR DECLARATORY JUDGMENT—Page 5**

       additional insured on your policy, but only with respect to liability for "bodily injury", "property damage" or "personal and advertising injury" caused, in whole or in part, by:
1. Your acts or omissions; or
2. The acts or omissions of those acting on your behalf;

in the performance of your ongoing operations for the additional insured(s) described above.

However:
1. The insurance afforded to such additional insured only applies to the extent permitted by law; and
2. If coverage provided to the additional insured is required by a contract or agreement, the insurance afforded to such additional insured will not be broader than that which you are required by the contract or agreement to provide for such additional insured.

* * *

2. Claims, "suits" and/or damages arising out of the acts, omissions and/or negligence of the additional insured(s).
3. "Bodily injury" or "property damage" occurring after:
   a. All work, including materials, parts or equipment furnished in connection with such work, on the project (other than service, maintenance or repairs) to be performed by or on behalf of the additional insured(s) at the site of the covered operations has been completed; or
   b. That portion of "your work" out of which the injury or damage arises has been put to its intended use by any person or organization other than another contractor or subcontractor engaged in performing operations for a principal as a part of the same project.

## DECLARATORY RELIEF SOUGHT

16. CSIC seeks a declaration that it has no duty to defend or indemnify A-Z or Murray under the Policies. Part of A-Z's work included the installation of the plumbing/piping related to a gas fireplace. The purportedly improper installation of some of the piping associated with the gas fireplace is alleged by the Gavins to have caused the fire.

17. Based upon the insuring agreement of the Policies, however, the "property damage" must occur during the policy period. Under the allegations of the Petition, the Gavins' residence suffered a fire in February 2021, after the expiration of the Policies. Therefore, the alleged "property damage" did not occur until the fire at the residence in February 2021. Accordingly, CSIC has no duty to defend or indemnify A-Z or Murray under the Policies as the "property damage" alleged in the underlying lawsuit did not occur during the policy period. For the same

reasons, CSIC has no duty to indemnify the Gavins for any settlement or judgment entered against A-Z or Murray under the Policies.

18. Richardson seeks coverage as an additional insured under the CSIC Policies. For the same reason there is no coverage for A-Z under the insuring agreement, there is no coverage for Richardson under the Policies. Accordingly, CSIC has no duty to defend or indemnify Richardson under the Policies.

19. Additionally, the additional insured endorsement requires that A-Z agree in writing in a contract or agreement to add Richardson as an additional insured. To the best of CSIC's knowledge, there exists no such written agreement or contract. Even so, the terms of the additional insured coverage provide that the "property damage" must occur during A-Z's ongoing operations for Richardson. As explained above, the "property damage" occurred at the time the residence caught fire, not when A-Z was performing its operations for Richardson. The additional insured coverage also excludes damages arising out the acts, omissions, and/or negligence of Richardson Homes. The petition in the Underlying Lawsuit states that Richardson is liable for its own negligence, not that Richardson is liable for A-Z's negligence. Finally, the additional insured endorsement excludes "property damage" occurring after all work by A-Z for Richardson has been completed. All of A-Z's work had been completed for Richardson in connection with the Gavins' residence. For all of these reasons, even if a written contract or agreement existed requiring additional insured coverage for Richardson, CSIC has no duty to defend or indemnify Richardson for the claims asserted against Richardson in the Underlying Lawsuit.

## PRAYER

THEREFORE, CSIC requests that the Court enter a declaratory judgment that it has no duty to defend or indemnify A-Z Plumbing, LLC, Shawn Murray, and Richardson Homes, LLC

in the Underlying Lawsuit filed by G & G Farms, Inc. CSIC also requests a declaratory judgment that it has no duty to indemnify John and Trish Gavin for one or more of the same reasons it has no duty to indemnify A-Z Plumbing, LLC, Shawn Murray, and Richardson Homes, LLC. CSIC further requests that the Court award it all other further relief to which it may be entitled.

Respectfully submitted,

/s/ Jo Allison Stasney
Jo Allison Stasney
State Bar No. 19080280
J. Richard Harmon
State Bar No. 09020700

THOMPSON, COE, COUSINS & IRONS, L.L.P.
Plaza of the Americas
700 N. Pearl Street, Twenty-Fifth Floor
Dallas, TX 75201-2832
Telephone:  (214) 871-8200
Telecopy:  (214) 871-8209

R. Thompson Cooper, OBA No. 15746
ROBERSON, KOLKER, COOPER P.C.
16408 Muirfield Place
Edmond, Oklahoma 73013
Telephone:     405-606-3333
Facsimile:      405-606-3334
Email:           tom@rkclaw.com

**COUNSEL FOR COVINGTON SPECIALTY INSURANCE COMPANY**

## CERTIFICATE OF SERVICE

I certify that on November 14, 2022, I electronically filed this document with the Clerk of the Court for the U.S. District Court, Eastern District of Oklahoma, using the CM/ECF system of the Court which will send a "Notice of Electronic Filing" to all parties.

/s/ Jo Allison Stasney
Jo Allison Stasney

**PLAINTIFF'S FIRST AMENDED COMPLAINT FOR DECLARATORY JUDGMENT—Page 8**