IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

```
COVINGTON SPECIALTY           )
INSURANCE COMPANY,            )
                              )
            Plaintiff,        )
                              )
v.                            )   Case No. CIV-22-227-RAW-JAR
                              )
G & G FARMS, INC., an Oklahoma)
Corporation; JOHN GAVIN;      )
PATRICIA GAVIN; A-Z PLUMBING, )
LLC; SHAWN MURRAY; and        )
RICHARDSON HOMES, LLC,        )
                              )
            Defendants.       )
```

**FINDINGS AND RECOMMENDATION**

This matter comes before the Court on Defendant Richardson Homes, LLC's Motion to Dismiss (Docket Entry #24). On December 20, 2021, G & G Farms, Inc., John Gavin, and Patricia Gavin initiated an action in the District Court in and for Okfuskee County, Oklahoma against Richardson Homes, LLC, Shawn Murray d/b/a A to Z Plumbing, and A to Z Plumbing LLC. The Plaintiffs in that action alleged that a fire that destroyed their home was caused by the negligent and defective work performed by A to Z Plumbing during the construction of the home.[1] On July 19, 2022, Richardson Homes, LLC filed a cross-claim against Shawn Murray d/b/a A to Z Plumbing and A to Z Plumbing LLC (collectively referred to as the "Murray Defendants") for indemnity and contribution.

On August 15, 2022, Covington Specialty Insurance Company ("Covington") filed the instant action against G & G Farms, Inc., John

---

[1] G & G Farms, Inc., John Gavin and Trish Gavin v. Richardson Homes, LLC, Shawn Murray d/b/a A to Z Plumbing, and A to Z Plumbing, LLC, Case No. CJ-2021-037, District Court in and for Okfuskee County, Oklahoma.

and Patricia Gavin, the Murray Defendants, and Richardson Homes, LLC. Covington seeks declaratory relief as to the rights and obligations among the parties under the insurance policy issued by it.

On October 12, 2022, the Murray Defendants were granted leave in the Okfuskee County case to file a Third-Party Petition against Covington for breach of an insurance contract and breach of the implied duty of good faith and fair dealing with its alleged insured, the Murray Defendants. The Third-Party Petition was filed on October 17, 2022. In response, Covington filed a Motion to Dismiss which was denied by the state court on April 27, 2023.

On January 6, 2023, Richardson Homes filed the subject Motion to Dismiss, contending that the state court action would provide complete relief to the parties where this Federal action would not. On March 15, 2023, the parties filed a Joint Status report in this case in which Richardson Homes alleged it was an "additional insured" – a position Covington states it has not taken in the state court action.

On May 12, 2023, a Dismissal With Prejudice was filed by Plaintiffs G & G Farms, Inc. and John and Patricia Gavin pertaining to the main action for negligence against Richardson Homes and the Murray Defendants. In an Order entered May 15, 2023, the state court found that the Murray Defendants had assigned "the insurance claim against Covington Specialty Insurance Company to Richardson Homes, LLC" and would be dismissed from the action.

On May 12, 2023, G & G Farms, John Gavin, and Patricia Gavin filed

2

a disclaimer of "any right, title, or interest in the outcome of this litigation" in this Federal case.  These parties state that they have settled the state court action.  On May 24, 2023, Shawn Murray and A-Z Plumbing, LLC, also disclaimed "any right, title or interest in the outcome of this litigation" in this Federal action due to a settlement of the state court case.  These parties also state that they have assigned their claims to Richardson Homes.

Meanwhile, in the state court case, Covington also sought severance of the main action for negligence from the third-party action against it for breach of contract and bad faith.  The Court denied the Motion on June 8, 2023 and directed Richardson Homes, LLC to file any claim it might assert against Covington.  To that end, on June 29, 2023, Richardson Homes filed a First Amended Third-Party Petition "individually and as assignee of G & G Farms, Inc., John Gavin, Trish Gavin, and Shawn Murray d/b/a A-Z Plumbing" against Covington.  As with the prior third-party action, Richardson Homes alleges claims for breach insurance contract and bad faith.  On July 21, 2023, Covington answered the Third-Party Petition.  In both denials to various assertions in the First Amended Third-Party Petition and in the section entitled "Defenses and Other Matters Constituting Avoidance", Covington denies insurance coverage and challenges the alleged assignment of claims by the Murray Defendants and others to Richardson Homes.

Covington also filed a Motion for Partial Dismissal on July 21, 2023 in the state court case.  It sought the dismissal of the claim for

breach of the implied duty of good faith and fair dealing, "any claim asserted or inferred in the Third-Party Petition made as an 'assignee' for either G & G Farms, Inc., John Gavin or Trish Gavin as they have not contract or relationship of any kind with Covington", and any direct claim for contribution.  The Motion was denied by Order entered September 12, 2023.

Through the subject Motion, Richardson Homes seeks the dismissal of this case, contending that the underlying state court action has progressed through discovery on the claims asserted in the third-party action.  Consequently, Richardson Homes requests that this action be dismissed on grounds of abstention in order to permit complete relief to be afforded in the state court case.

The parties are in agreement in the briefing that the applicable law in considering abstention is found in State Farm Fire & Casualty Co. v. Mhoon, 31 F.3d 979 (10th Cir. 1994).  In Mhoon, the Tenth Circuit adopted the Sixth Circuit's five-factor test for assessing whether the Federal court should hear a declaratory judgment action.  These factors are outlined as

> [1] whether a declaratory action would settle the controversy; [2] whether it would serve a useful purpose in clarifying the legal relations at issue; [3] whether the declaratory remedy is being used merely for the purpose of "procedural fencing" or "to provide an arena for a race to *res judicata*"; [4] whether use of a declaratory action would increase friction between our federal and state courts and improperly encroach upon state jurisdiction; and [5] whether there is an alternative remedy which is better or more effective.

4

Id. at 983.

"[D]istrict courts possess discretion in determining whether . . . to entertain an action under the Declaratory Judgment Act, even when the suit otherwise satisfies subject matter jurisdictional prerequisites." Wilton v. Seven Falls Co., 515 U.S. 277, 282 (1995). The Declaratory Judgment Act itself is "an enabling Act, which confers a discretion on the courts," regardless of the jurisdictional bases upon which the suit is brought. Id. at 287 (quotation omitted).

Factually, the issues arising in the two cases have evolved with the settlement of claims, disclaiming of interests, dismissal of parties, and reconfiguring of the third-party action with Richardson Homes in the state court case since the briefing on the Motion to Dismiss. Therefore, the analysis of the Mhoon factors have changed somewhat.

On the first and second Mhoon factors, "the inquiry into whether the declaratory judgment settles a controversy and clarifies the legal relationships at issue is designed to shed light on the overall question of whether the controversy would be better settled in state court." United States v. City of Las Cruces, 289 F.3d 1170, 1187 (10th Cir. 2002). The issue of coverage as well as the sub-issues of the propriety of the assignment of claims to Richardson Homes and whether Richardson Homes can somehow benefit from the insurance contract issued by Covington as an additional insured[2] is raised in the state court action and the Federal action. The substantive claims of breach of contract and bad

---

[2] Although Covington argues that the "additional insured" argument is unique to this Federal action, the issue is necessarily subsumed into the coverage question which is pending in the state court action.

faith are not a part of the Federal case. The controversy will not be resolved should coverage be determined to exist through this Federal action. All issues between the parties can be resolved in a single forum in the state court action.3 The first two factors favor dismissal and deference to the state court.

The third factor turns on whether Covington might be using this Federal action for "procedural fencing." It is curious that Covington filed this action and waited three months to serve the Complaint after the state court action was filed. This action, however, does not necessarily mean Covington was attempting to seek a "race to *res judicata*" by obtaining a ruling on coverage in Federal court as Richardson Homes suggests.

The fourth factor considers whether going forward this declaratory judgment action would create friction between the state and Federal courts. It is clear that the state court is advancing that action with alacrity. Discovery has continued and the state court has rendered timely rulings while the dispute over the legal question of coverage remains in both courts. Deferring to the state court under the unique factual and procedural posture of the two cases would alleviate any friction that might be created while one court waited on the other. Certainly, given the disputes of this case, nothing in either the legal question of coverage or the substantive claims of breach of contract and bad faith favors a determination by the Federal court. Indeed, most of

---

3 This is especially clear since the state court has recently declined to dismiss the Third-Party Petition.

these questions actually turn on an application of state law.4 Consequently, the fourth factor favors dismissal.

The fifth and final factor contemplates whether an alternative remedy to the declaratory judgment action would be better or more effective. Again, the state court action has progressed in both developing the factual record and considering the legal questions involving an interpretation of Oklahoma law. The alternative of proceeding in state court is more effective to bring this dispute to a resolution. The state court is just as, if not more, capable than the Federal court to resolve the legal issues which would be the exclusive objective of this declaratory judgment action.

It is this Court's determination and recommendation that deferring to the state court in lieu of proceeding in this Federal declaratory judgment action is advisable and warranted, in light of the consideration of the Mhoon factors.

IT IS THEREFORE RECOMMENDED that Defendant Richardson Homes, LLC's Motion to Dismiss (Docket Entry #24) be **GRANTED**, and that this action be **DISMISSED** to permit the parties to proceed exclusively in the state court action.

The parties are herewith given fourteen (14) days from the date of the service of these Findings and Recommendation to file any objections

---

4 "Because the state court will determine, under state contract law, whether the tort action is covered by the insurance contract, it is not necessary for the federal court to issue a declaration on the insurance contract." St. Paul Fire & Marine Ins. Co. v. Runyon, 53 F.3d 1167, 1169 (10th Cir. 1995).

with the Clerk of the court.  Any such objection shall be limited to ten (10) pages in length.  Failure to object to these Findings and Recommendation within fourteen (14) days will preclude review of this decision by the District Court.

IT IS SO ORDERED this 14th day of September, 2023.

_____
JASON A. ROBERTSON
UNITED STATES MAGISTRATE JUDGE