IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| COVINGTON SPECIALTY INSURANCE COMPANY,, | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) ) Case No. CIV-22-227-RAW |
| G & G FARMS, INC., et al., | ) ) ) |
| Defendants. | ) |

# **ORDER**

Before the court are the objections of the plaintiff to the Findings and Recommendation of the United States Magistrate Judge. Plaintiff filed this action seeking declaratory relief regarding insurance coverage. The undersigned referred the matter to the United States Magistrate Judge for proposed findings of fact and recommendations for disposition. The Magistrate Judge has done so. (#62). Plaintiff has filed objections (#64). No response has been filed. Pursuant to Rule 59(b)(3) F.R.Cr.P., the district court must consider any objection de novo, and "may accept, reject, or modify the recommendation, receive further evidence, or resubmit the matter to the magistrate judge with instructions." The court has reviewed the record. *See Gee v. Estes,* 829 F.2d 1005, 1008-09 (10th Cir.1987).

The Magistrate Judge, after applying the factors in *State Farm Fire & Cas. Co. v. Mhoon,* 31 F.3d 979 (10th Cir.1994), recommended that this action be dismissed and the parties be permitted to proceed exclusively in the pending state court action. In the course

of its objections, plaintiff states it is improper under Oklahoma law for an insurance company to litigate coverage issues in a liability action. In one sense, this is correct. In *Sentry Ins. Mut. Co. v. McCormick,* 2017 WL 1148278 (N.D.Okla.2017), however, Judge Payne observed: "The Oklahoma district court has authority to order a separate trial of any issue 'in furtherance of convenience or to avoid prejudice,' which could include the issue of insurance coverage." *Id.* at *4. (Citing 12 O.S. §2018(D)). At footnote 4 of the Findings and Recommendation herein, the Magistrate Judge quoted Tenth Circuit authority as follows: "Because the state court will determine, under state contract law, whether the tort action is covered by an insurance contract, it is not necessary for the federal court to issue a declaration on the insurance contract." *St. Paul Fire & Marine Ins. Co. v. Runyon,* 53 F.3d 1167, 1169 (10th Cir.1995). *See also Mhoon,* 31 F.3d at 982 (The Supreme Court has long made clear that the Declaratory Judgment Act gave the federal courts competence to make a declaration of rights; it did not impose a duty to do so.)

Moreover, the state court action has been pending for some time and is in an unusual posture, with such issues as assignment of claims. Under the unique circumstances, this court is persuaded that its discretion is best exercised in dismissal.

It is the order of the court that the Findings and Recommendation (#62) are affirmed and adopted as the order of the court. The motion of the defendant Richardson Homes, LLC to dismiss (#24) is hereby granted.

IT IS SO ORDERED this 4th day of MARCH, 2024.

_____
**RONALD A. WHITE**
**UNITED STATES DISTRICT JUDGE**